## Harter Estate

*William Madden, Jr.*, for accountant.
*Robert C. Sadis*, Assistant Attorney General, for exceptant.
*Daniel M. Frey*, for respondent.

SWOPE, *P. J.*, October 12, 1976—This case arises from exceptions to the third and final account of Dauphin Deposit Trust Company, guardian of the estate of Lura E. Harter, filed by the Commonwealth of Pennsylvania on October 20, 1975.

The facts, which are not in dispute, are as follows:

The respondent, Lura E. Harter, was adjudicated incompetent by decree of this court dated February 14, 1955, and the Dauphin Deposit Trust Company, successor to Camp Curtin Trust Company, was substituted as guardian on July 29, 1957. Mrs. Harter was admitted as a patient to Harrisburg State Hospital on December 15, 1954, and was discharged on March 2, 1973, incurring costs of

$31,780.30 for her care and maintenance during that period. She was adjudicated competent by order of this court dated August 5, 1975, and her guardian, presently holding assets valued at $10,490.33, has proposed to distribute such assets to her.

Respondent admits her liability pursuant to the Act of October 20, 1966, Sp. Sess., P.L. 96, 50 P.S. §4501, for costs incurred by the Commonwealth on behalf of a mentally disabled person, but urges that since payment of the $8,000 sought by the Commonwealth would effectively deplete her available funds so as to force her to turn to welfare agencies for her support, the court, in its discretion, should direct the Commonwealth to postpone its claim for settlement until the time of her death.

The Commonwealth contends that the release of the funds in dispute to Mrs. Harter would not necessarily guarantee her self-sufficiency in any event. They suggest that a lump sum payment might lead to extravagance, gifts or other types of waste, thereby placing the burden of her support once again upon the Commonwealth and, if partial reimbursement is not ordered, it is likely that payment will never be received. They further contend that by requesting only $8,000, leaving $2,490.33 in the hands of respondent, she will have sufficient financial ability to make suitable arrangements for living quarters, clothing and other necessaries.

The issue we must decide is whether the Commonwealth may be directed to defer their claim for costs incurred for the care and maintenance of Mrs. Harter until her death. Two bases have been suggested upon the strength of which this court could so direct the Commonwealth.

The first, Reich Estate, 14 Fiduc. Rep. 26 (Or-

phans' Ct. Lebanon Co., 1963), at page 28, states that under the Act of December 10, 1959, P.L. 1743, 50 P.S. §1363, a court is invested with discretion in determining the amount to be paid out of an incompetent's estate for the costs of his care and maintenance. However, this statute was repealed by the Act of June 28, 1968, P.L. 280 (No. 135), 50 P.S. §4701, effective July 1, 1969.

The second ground to which we are referred is found in the Act of June 30, 1972, P.S. 508 (No. 164), 20 Pa.C.S. §5536. However, it is also inapposite. This section of the Probate, Estates and Fiduciaries Code merely empowers the court, for cause shown, to direct payment from the estate of an incompetent for his care and maintenance or, in a proper case, the court may order payment of amounts directly to the incompetent for his maintenance or incidental expenses. Mrs. Harter has been adjudicated competent and, therefore, this section no longer applies to her.

While we sympathize with the argument of respondent that she be permitted to retain the dignity of being able to pay for her own maintenance from her own funds, and we additionally feel that it is not in the best interests of either Mrs. Harter or the Commonwealth to have her pay over funds that will shortly be returned to her in the form of welfare payments decreased by administrative costs, we can find no grounds upon which this court is empowered to exercise its discretion in this matter.

This court is a special tribunal for special cases and exercises only such power as is extended to it by statute, either expressly or by necessary implication: Jervis Will, 443 Pa. 226, 230, 279 A. 2d 151, 153 (1971); Act of December 10, 1974, P.L. 792 (No. 293), 20 Pa.C.S. §711(10). By the provisions of the Mental Health and Mental Retardation Act,

50 P.S. §4504, the legislature has granted the power to determine the extent of liability under 50 P.S. §4501 and the power to abate, modify, compromise or discharge such liability to the Secretary of Public Welfare with the approval of the Attorney General. This court, therefore, has no power to direct the Commonwealth to postpone its claim for settlement until the time of respondent's death.

Accordingly, we make the following

### FINAL ORDER

And now, October 12, 1976, the objections to the third and final account of Dauphin Deposit Trust Company, guardian of the estate of Lura E. Harter, filed by the Commonwealth of Pennsylvania on October 20, 1975, are hereby sustained and the Dauphin Deposit Trust Company is hereby ordered to pay over to the Commonwealth of Pennsylvania in partial payment of its claim against Lura E. Harter the sum of $8,000 from the funds presently proposed to be distributed to Lura E. Harter. The remainder of said funds are to be paid over directly to Lura E. Harter.